JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
B. Andrew Jones, OBS No. 091786
Senior Assistant County Attorney
Lindsay A. Byrne, OSB No. 113455
Assistant County Attorney
Multnomah County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
E-mail: andy.jones@multco.us
   lindsay.byrne@multco.us

*Of Attorneys for Multnomah County, Michael Reese, Camille Valberg, Koh Metea, Jami Wheeler, Jacob Diamond, Steven Alexander, Jeffrey Wheeler, Derrick Peterson and Nicole Morrisey O'Donnell*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE ESTATE OF RICHARD JASON FORREST, Van Loo Fiduciary Services, LLC, Personal Representative,<br><br>Plaintiff,<br><br>v.<br><br>MULTNOMAH COUNTY, a political subdivision of the state of Oregon; MICHAEL REESE, Multnomah County Sheriff, CAMILLE VALBERG, KOH METEA, JAMI WHEELER, JACOB DIAMOND, STEVEN ALEXANDER, JEFFREY WHEELER, DERRICK PETERSON, and NICOLE MORRISEY O'DONNELL, acting in concert and in their individual capacities,<br><br>Defendants. | No. 3:20-CV-01689-AC<br><br><br><br>DEFENDANTS' POSITION BRIEF ON DISCOVERY DISPUTE PURSUANT TO COURT'S MINUTE ORDER (ECF 20) |

## LOCAL RULE 7-1 CERTIFICATION

Defendants certify that counsel conferred on the substance of this motion and the Court's ruling is now necessary.

## REQUESTS AND RESPONSES AT ISSUE

Plaintiff filed this civil rights action with a pendant state claim against Multnomah County and individual defendants ("Defendants"), claiming damages of $10,000,000, in part for "loss of love, society and companionship" to decedent's wife Chrystal Forrest. (ECF 17, ¶¶114, 119, 128, 134, 139). Plaintiff made general objections to producing documents "subject to….any … privilege." (Jones Declaration, ¶2, Ex 1, p 2). Plaintiff did not make individualized privilege objections, did not assert a marital privilege, did not provide a log, and did not identify document(s) being withheld. Specifically, Defendants requested written communications between Mr. Forrest and Mrs. Forrest, including on Facebook for existing and deleted material. *Id.* Plaintiff agreed to produce excepting for searches that were unduly broad, burdensome, or that intruded on "substantial privacy rights." *Id.*

Defendants asked for a privilege log, asked whether documents were being withheld, and offered to limit the time period of the searches in an effort to minimize the burden. (Jones Declaration, ¶3, Ex 2). Plaintiff responded "Ms. Forrest asserts her spousal privilege for to all private communications with her husband. The privilege extends to all private communications that you have requested, including letters, emails, text messages, etc. *At this point all we have and are withholding are private Facebook messenger messages, and we will do a privilege log to that effect*." *Id.* Plaintiff did not indicate whether they had searched other areas of communications. *Id.*

Page 2 – DEFENDANTS' POSITION BRIEF ON DISCOVERY DISPUTE PURSUANT TO COURT'S MINUTE ORDER (ECF 20)

Counsel spoke on Friday, August 27, 2021, and Plaintiff indicated they would continue to assert privilege over the Facebook messages. (Jones Declaration, ¶4).

## DEFENDANT'S POSITION

Defendants bear the initial burden of demonstrating the information sought is relevant. *Sarnowski v. Peters*, Case No. 16-CV-00176-SU, 2017 WL 4467542, at *2 (D. Or. Oct. 6, 2017). Plaintiff claims eight figures of damages based in large part on Mr. and Mrs. Forrest's relationship. Their communications are relevant to the nature of their relationship and to Mr. Forrest's lifestyle, ultimate issues for the jury on damages. ORS 30.020(2), Oregon Uniform Jury Instruction 71.01.

Plaintiff must respond showing why requests are overly burdensome and, if a privilege is asserted, the asserted privilege and a sufficiently detailed log of withheld material within "a reasonable time." *Yufa v. Hach Ultra Analytics*, Case No 09-CV-3022-PA, 2014 WL 11395243 (D. Or. March 4, 2014), Fed. R. Civ. P 26(b)(5)(a), LR 26-5(b). Defendants must then show the requests at issue and why objections are not meritorious. *Climax Portable Machine Tools, Inc. v. Trawema GmbH*, 18-CV-01825-AC, 2020 WL 7406540 at *2 (D. Or. Dec. 17, 2020).

Plaintiff has already found communications on Facebook, suggesting these messages can be produced without disproportionate effort. It is unclear what other communications between Mr. and Mrs. Forrest are still available, and what was undertaken to search for them, including recoverable deleted messages. At minimum, objections of burden are not well taken based on the pool of communications Plaintiff already identified.

As to "substantial privacy interests" and Mr. Piucci's email, Plaintiff is presumably referring to the marital communication privilege protecting confidential, intra-spousal communications. *United States v. Lustig*, 555 F.3d 737, 747 (9th Cir. 1977). As with any other

privilege, the protection cuts against the general rule that "the public…has the right to every man's evidence," and, like other privileges, should be strictly construed to apply only when the bar of privilege is in furtherance of a "public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." *Trammel v. United States*, 445 U.S. 40, 50, 100 S. Ct. 906, 912, 63 L. Ed. 2d 186 (1980)(discussion of separate but related spousal testimonial privilege). Plaintiff bears the burden of demonstrating the elements of the privilege, namely a valid marriage at the time, and a communication between spouses intended to be confidential, said confidentiality being presumed. *Lustig*, 55 F.3d at 747-748.

A party may not use privilege "both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). The sword of affirmative acts or positions taken in litigation waives the shield of privilege. *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1325, 1326 (9th Cir. 1995)(discussing implied waiver of attorney-client privilege). The Ninth Circuit uses a three part test (a) whether the party asserting a privilege is doing so as a result of an affirmative act "such as filing suit; (b) whether through this affirmative act the party puts the privileged information at issue, and (c) whether allowing the privilege would prevent the opposing party information vital to its defense." *Id.*

All three elements are present. The Forrest's relationship and their communications during that relationship are at issue because of the affirmative claim for millions of dollars in damages based on the loss of that relationship. Defendants are entitled to defend against these allegations, and it is vital for Defendants to examine communications to assess the veracity of these claims and for information relevant to the ultimate factfinder's decision on damages. Further, Plaintiff cannot selectively invoke this privilege, and Defendants therefore could not ask questions about *any*

communications if Plaintiff's position were correct, so the Court's ruling is necessary to adequately prepare for Mrs. Forrest's deposition. Finally, the Stipulated Protective Order already in place (ECF #12) can provide privacy to these communications.

By affirmatively premising the damage claims upon the loss of spousal relationship, Plaintiff has waived privilege. *United States v. Premesis Known As 281 Syosset Woodbury* Road, 862 F.Supp. 847, 854 (E.D.N.Y. Sept. 9, 1994)(applying same three factor test to find waiver of marital communication privilege by assertion of affirmative defense). Defendants respectfully request this Court order (a) Plaintiff produce a detailed privilege log within seven (7) days; (b) Facebook communications already identified are relevant, Plaintiff has waived any spousal or marital communication privilege, and Plaintiff must produce the Facebook messages within seven (7) days; (c) Plaintiff must provide *Amended* Response to Requests for Production certifying that they have made the search requested for deleted material on Facebook, along with the other categories of ESI, and make additional production within fourteen (14) days.

DATED this 7th day of September, 2021.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

*/s/ B. Andrew Jones*
B. Andrew Jones, OBS No. 091786
Senior Assistant County Attorney
Lindsay A. Byrne, OSB No. 113455
Assistant County Attorney
   *Of Attorneys for Defendants*

Page 5 – DEFENDANTS' POSITION BRIEF ON DISCOVERY DISPUTE PURSUANT TO
   COURT'S MINUTE ORDER (ECF 20)