UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| *Estate of* RICHARD JASON FORREST, | Case No. 3:20-cv-1689-AR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| MULTNOMAH COUNTY, *a political subdivision of the state of Oregon*, MICHAEL REESE, *Multnomah County Sheriff*, JOHN DOES 1-10, JANE DOES 1-10, CAMILLE VALBERG, KOH METEA, JAMI WHEELER, JACOB DIAMOND, STEVEN ALEXANDER, JEFFREY WHEELER, DERRICK PETERSON, and NICOLE MORRISEY O'DONNELL, | |
| Defendants. | |

**ARMISTEAD, Magistrate Judge**

The Estate of Richard Jason Forrest, plaintiff, brings this action against defendants Multnomah County and various individuals following Forrest's in-custody overdose death at Multnomah County's Inverness Jail. The Estate brings claims under 42 U.S.C. § 1983, alleging

Page 1 – OPINION AND ORDER

that defendants violated the Eighth Amendment to the United States Constitution in failing to prevent drug use within the jail and failing to provide appropriate medical treatment to Forrest. (Compl. ¶¶ 109-30, ECF No. 1.) The Estate also brings claims for negligence and gross negligence under state law. (*Id.* ¶¶ 131-45.)

Fact discovery closed on October 3, 2022. (ECF No. 40.) Before that date, the Estate sought and obtained extensive discovery, including over 21,000 pages of documents and 25 depositions. (Pl.'s Mot. to Reopen Disc. at 7, ECF No. 80.) The Estate now moves to reopen fact discovery, seeking information about recent deaths in Multnomah County jails. Specifically, the Estate seeks (1) medical examiner and toxicology reports for deaths referenced in Sheriff O'Donnell's August 3, 2023 community letter (ECF No. 81-2); (2) investigation reports related to the deaths of Josiah Pierce and Clemente Pineda; (3) health department review materials related to the Pierce and Pineda deaths; and (4) reports, assessments, and recommendations from the National Institute of Corrections (NIC) or NIC-recommended consultant related to Sheriff's O'Donnell's request for technical assistance regarding contraband detection. (Pl.'s Mot. at 4.) For the following reasons, the court grants the motion to reopen discovery.

## LEGAL STANDARD

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quotation marks omitted). Once the district court issues a scheduling order under Rule 16, the case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). District courts consider the following six factors when ruling on a motion to amend a Rule 16 scheduling order to reopen discovery:

Page 2 – OPINION AND ORDER

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). The moving party's diligence is the most important factor when considering whether there is good cause to reopen discovery. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

Under Federal Rule of Civil Procedure 26(b)(1), discovery is limited in scope to materials that are both relevant to the issues in the case and proportionate to need. Rule 26(b)(2)(C) further provides that the court must limit discovery if it determines that the discovery sought is cumulative or duplicative. Courts will not reopen discovery if the discovery sought is impermissible under Rule 26. *Bala v. Oregon Health and Science Univ.*, Case No. 3:18-cv-00850-HZ, 2023 WL 3561449, at *3 (D. Or. May 14, 2023).

## DISCUSSION

**A.**   ***Imminence, Opposition, and Foreseeability***

Application of three of the six Rule 16(b) factors is straightforward. Trial is not imminent, weighing in favor of reopening discovery. The request is opposed, weighing against. And the parties agree that the fifth factor, the foreseeability of the need for additional discovery, weighs in the Estate's favor. (Pl.'s Mot. at 8; Defs.' Resp. at 8.)

**B.**   ***Prejudice***

Page 3  – OPINION AND ORDER

Defendants argue that they will be prejudiced by the delay and additional legal work associated with reopening discovery. (Defs.' Resp. at 8-9.) There is no known timeline for the completion of some of the materials that the Estate seeks, and the Estate's request has no time limitation. The court agrees with defendants that open-ended delay is prejudicial. *See, e.g.*, *Tate v. Hernandez*, Case No. CV-19-5089-PHX-SPL (JFM), 2021 WL 2043219, at *2 (D. Ariz. Apr. 29, 2021), *report and recommendation adopted*, Case No. CV-19-5089-SPL (JFM), 2021 WL 2043219 (D. Ariz. May 21, 2021) (describing "prejudice to defendant in having to defend a suit that is already some 18 months old, concerning events that occurred more than two years ago"); *Morris v. Sutton*, Case No. 1:17-cv-01488-AWI-SAB, 2019 WL 2994291, at *5 (E.D. Cal. July 9, 2019) (explaining that delay can constitute prejudice to the non-moving party). The third factor therefore weighs against reopening discovery. Because the Estate's interest in obtaining additional discovery does not justify open-ended delay, the court will limit any additional period of discovery.

Defendants further argue that the privacy concerns of third parties should be incorporated into the prejudice analysis. The court entered a protective order in this case to protect against disclosure of personal health information and other sensitive material. (ECF No. 12.) In addition, defendants may redact personal health information of third parties that is not relevant to the Estate's claims. Prejudice to the privacy interests of third parties is thus mitigated and does not weigh strongly against reopening discovery.

**C.**    ***Diligence***

Defendants acknowledge that the Estate "was diligent on fact discovery." (Defs.' Resp. at 11.) Even so, they contend that the Estate's argument for good cause is weakened because two of

the deaths as to which the Estate now seeks information occurred before fact discovery closed. (*Id.* at 10.) The Estate argues that defendants made those deaths relevant by relying on Multnomah County's low death rates for detainees in its summary judgment motion. (Pl.'s Mot. at 9.) The court concludes that the Estate has, on the whole, been diligent in pursuing discovery. Accordingly, the fourth and most important factor supports reopening discovery.

**D.**     *Likelihood that Discovery will Lead to Relevant Evidence*

The parties disagree about the application of the sixth factor, the likelihood that discovery will produce relevant evidence. The Estate argues that the evidence sought is relevant to its *Monell*[1] claims. Specifically, it contends that the discovery it seeks will likely be relevant to Multnomah County's alleged policies of (1) allowing detainees unfettered access to drugs, (2) failing to interdict drugs, (3) failing to train staff regarding drug intoxication and overdose, (4) failing to learn from prior overdose deaths, and (5) failing to administer Narcan to overdosing inmates. (Pl.'s Mot. at 8.) Post-event evidence can be probative of a policy or custom. *Henry v. County of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997) ("[P]ost-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry.").

The court agrees with defendants that evidence related to smuggling drugs into the jail *after* the installment of body scanners is unlikely to be relevant to the County's policies for preventing smuggling into the jail *before* body scanners were introduced. (Defs.' Resp. at 4.) Evidence about drug-related deaths in 2022 and 2023 is, however, likely relevant to the County's earlier policies for detecting drugs already within a jail, training staff to recognize drug

---

[1]     *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Page 5  – OPINION AND ORDER

intoxication and overdose, learning from prior overdose deaths, and administering Narcan to overdosing inmates. The sixth factor therefore weighs in favor of reopening discovery.

E.     *Weighing the Rule 16(b) Factors and Other Considerations*

    1.     **Rule 26**

Defendants argue that the discovery the Estate seeks is unreasonably cumulative and duplicative, and is thus impermissible under Rule 26(b)(2)(C)(ii). The County has already provided the Estate with some of the requested materials. (Defs.' Resp. at 8.) The court agrees that production of those materials through formal discovery would be duplicative and cumulative. The other discovery sought, however, is neither duplicative nor cumulative. That the Estate has already conducted extensive discovery related to its *Monell* claims does not make additional discovery cumulative or duplicative, particularly because the discovery it seeks relates largely to events that occurred after the close of fact discovery. (*See* Pl.'s Mot. at 2-4.)

    2.     **Whether the discovery will impact summary judgment**

Defendants argue that the court should consider "whether additional discovery would result in different decisions on summary judgment" in deciding whether to reopen discovery, relying on *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006). In that case, the Ninth Circuit addressed a plaintiff's appeal from a district court decision granting summary judgment to defendants. *Id.* at 1022. In that context, the Ninth Circuit observed that the district court had not abused its discretion if the plaintiff could not show that additional discovery would have precluded summary judgment. *Id.* at 1026. The standard for showing good cause is different from the standard for assessing abuse of discretion, which requires showing both that the exercise of discretion was erroneous *and* that the exercise of discretion was

prejudicial. *City of Pomona*, 866 F.3d at 1065. In assessing good cause, the court will not consider the potential impact on the outcome of defendants' motion for summary judgment, which is neither fully briefed nor under advisement. (ECF No. 85.)

### 3.     Weighing the Factors

Two of the Rule 16 factors weigh against reopening discovery, and four weigh in favor. The most important factor, diligence, favors reopening discovery. And although the court recognizes that delay constitutes prejudice to defendants, that prejudice is reduced to the extent that the discovery period is limited. The court therefore orders that discovery be reopened for 90 days. The Estate may obtain the materials described in its motion that become available during that time, except for those materials that Multnomah County has already provided informally. The Estate may also conduct additional depositions as described in its motion during that time.

## CONCLUSION

For the above reasons, the motion to reopen discovery is GRANTED. Fact discovery is reopened for 90 days, to be completed on February 12, 2024.

*DATED:* November 14, 2023.

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 7 – OPINION AND ORDER